FIRST NATIONAL BANK OF BELLAIRE, OHIO, v. MASON & Co.

1. **Verification**: SUFFICIENCY OF. Where in an action by an indorsee upon an acceptance drawn by a company, the verification was made by the secretary, who was also a member of such company, and showed affiant was familiar with the transactions, it is sufficient.

## Appeal from Polk Circuit Court.

### MONDAY, OCTOBER 24.

ACTION upon a written acceptance of a draft drawn by the Buckeye Lantern Company, and indorsed to the plaintiff.

There was an answer denying the signature of the defendants to the acceptance of the draft, and denying that the plaintiff was the owner thereof. Two counter-claims were also pleaded which it was alleged arose out of transactions with the Lantern Company, and it was averred that the draft was transferred to the plaintiff subsequent to the maturity of the acceptance. These pleadings were properly verified. The plaintiff filed a reply in general denial of the counter-claims. A motion was made to strike the reply because not properly verified. The motion was overruled. Defendants appeal.

*Clark & Park*, for appellants.

*D. F. Witter* and *John Mitchell*, for appellee.

ROTHROCK, J.—The draft sued on was in the usual form and payable forty-five days after date. It was signed "Buckeye Lantern Company, E. F. Cash, secretary." It was indorsed as follows "Pay to the order of First National Bank, Bellaire, Ohio, E. F. Cash, secretary."

1. VERIFICATION: suffi-
ciency of.

"STATE OF OHIO, ss.
    Belmont Co.,

"I, E. F. Cash, being duly sworn, depose and say, that I am secretary and a member of the Buckeye Lantern Co., of Bellaire, Ohio, and as such, I am familiar with all transactions between said company and the defendants herein, since the

beginning of 1879 up to the present time.   And I further state that I have read the foregoing reply of the First National Bank of Bellaire, Ohio, and the same is true as I verily believe.

E. F. Cash, *Secretary.*"

It is urged by counsel for appellant that this verification is insufficient, because it does not show that the affiant knew the fact as to whether the draft was transferred before or after maturity.   Section 2673 of the Code provides that if the statements of a pleading are known to any person other than the party, such person may make the affidavit, which shall contain averments showing affiant competent to make the same.

It is insisted that although the record shows that Cash was secretary of the Lantern Company, and signed the draft and indorsed it, there is no showing that he knew when it was indorsed, because the statute requires the averment of knowledge of the facts to be made in the affidavit.   This appears to us to be rather a technical objection to the affidavit of verification. As the law does not require that the affidavit shall be certain to a certain intent in every particular, we think it sufficient if it shows that the affiant was possessed of the requisite knowledge of the facts to make the verification to the general denial contained in the reply.   It shows that he was a member of the Lantern Company, and its secretary.   True it is not stated in terms that he was such member and secretary when the draft was drawn and indorsed.   But he states that as such member and secretary he is familiar with the transactions between said company and the defendant.   This familiarity with the business of the company must have been because he was a member thereof and secretary when the business was transacted, and we think it not an unwarrantable presumption to hold that his official connection with the company was sufficient to authorize him to make the verification.

II.   This disposition of the case renders it unnecessary to dispose of the motion filed by appellee and submitted with the cause.

AFFIRMED.